UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN MATERA, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. Act. No.  2:16-cv-878 |
| | ) | |
| v. | ) | Judge |
| | ) | |
| MASSEY'S SPORTS CENTER, INC. d/b/a | ) | Magistrate Judge |
| MASSEY'S PROFESSIONAL OUTFITTERS, and | ) | |
| DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Stephen Matera ("Matera"), by and through his counsel of record of Garten Law, LLC, alleges for his Complaint against the Defendants as follows:

**Nature of the Action**

1. This is a civil action against the Defendants for wrongful acts of copyright infringement (U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*).  Plaintiff seeks damages against Defendants pursuant to the same.

**The Parties**

2. Plaintiff Matera is an individual residing in the State of Washington.

3. On information and belief, Defendant Massey's Sports Center, Inc. d/b/a Massey's Professional Outfitters ("Massey's") is a legal entity organized under Louisiana law, maintaining its principal place of business at 509 N. Carrollton Ave., New Orleans, Louisiana 70119.

4. On information and belief, one or more of Does 1-5 are the agent, affiliate, officer, director, manager, principal, partner, joint venturer, joint actor, alter ego, hired

contractor, and/or employee of Defendant Massey's.  Plaintiff does not know the true names of Defendant Does 1 through 5, inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and believes and, on the basis of that information and belief, alleges that each of those Does 1 through 5 was in some manner liable for Plaintiff's claims and proximately caused Plaintiff's damages complained of here.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 17 U.S.C. § 501(a), as this action alleges infringement of registered U.S. copyright rights, 17 U.S.C. § 101 *et seq*.

6. This Court has personal jurisdiction over Defendant Massey's because it does business and/or transact business within the State of Louisiana.  Defendant Massey's has conducted tortious acts of infringement in the Eastern District of Louisiana, conducted acts directed at this District, and/or transacted or done business within this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c)(2) and 1400(a) because, among other reasons, Defendant Massey's and/or its agent can be found in this District.

## Facts

8. Plaintiff Matera is a professional photographer with over 15 years of experience.  Although based in Seattle, Washington, Plaintiff Matera travels all over the western United States and foreign countries to capture images for his clients.  He works with many of the best known brands in the outdoor industry and outdoor magazines.

9. Plaintiff operates his business to promote his creative endeavors, and Plaintiff's livelihood is based on his ability to receive revenue as a result of his creative endeavors.

Plaintiff creates images for leading outdoor manufacturers and publishers. Over his career Matera has developed his vision as a natural landscape photographer, and now applies that creative vision to active outdoor and lifestyle images.

10. Plaintiff provides professional photography services via his photography business, and may be contacted via information provided at his website located at the Uniform Resource Locator ("URL"): http://www.materaphoto.com.

11. Plaintiff is the author and exclusive owner of all copyright rights in and to the original photograph of a pair of silhouetted hikers walking at sunset near Kool Aid Lake (Washington State), having an image ID of "dhb8-10-1" (referred to herein as the "Photograph").

12. A true copy of the Photograph is depicted in <u>Exhibit 1</u> attached hereto. The Photograph is an original work of authorship, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of the machine or a device. As such, the Photograph is subject matter protectable under the Copyright Act.

13. Copyright in the Photograph is and has been for all times relevant to this Complaint registered with the U.S. Copyright Office. The Photograph is the subject of Certificate of Registration No. VA 1-738-583 ("Registration"), issued with an effective date of September 11, 2010.

14. A true copy of the Registration is attached hereto in <u>Exhibit 2</u>.

15. The Photograph was, and is as of January 21, 2016, used without Matera's authorization on the internet website having the URL(s): http://www.masseysoutfitters.com (the <u>Massey's "Website"</u>), and https://www.facebook.com/masseysoutfitters (Massey's "Social Media" site).

16. Defendant Massey's is identified on the Website as its owner and/or operator.[1]

17. Defendant Massey's is identified on the Social Media site as its owner and/or operator, or is the responsible end-user of the Social Media site.[2]

18. Defendants used the Photograph on the Website and Social Media without Matera's authorization.

19. On information and belief, the Defendants' unauthorized use of the Photograph commenced after the September 11, 2010 effective date of its registration with the U.S. Copyright Office.

20. In or about May 2015, Plaintiff discovered the Defendants' unauthorized use of the Photograph on the Website/Social Media, including as identified herein.  Upon further investigation between May 2015 and September 2015, Plaintiff discovered additional uses by Defendants.

21. Attached hereto as Composite Exhibit 3 are true copies of screenshots of the Photograph as reproduced, displayed publicly on the Website and Social Media, and as viewable via standard web browser.  For clarity, in that exhibit Matera has added various red outline around uses of his Photograph and/or time/date stamps, while other material is greyed out.

22. On information and belief, Defendants made further use of the Photograph in various email and marketing campaigns (Massey's "Email Campaign").  *See* Composite Exhibit 3, Screenshot 15.

---

[1] *See* http://www.masseysoutfitters.com/about_masseys.aspx; *see also* https://who.is/whois/masseysoutfitters.com
[2] *See* https://www.facebook.com/masseysoutfitters/info/?tab=overview

23. The Defendants' unauthorized uses of the Photograph, including reproduction of the associated digital code, public display, and distribution constitutes infringement of Matera's exclusive copyright rights.

24. On or about October 19, 2015, Plaintiff, through counsel, sent a cease and desist letter (the "Notice") by way of email and US Priority Mail to Defendant Massey's giving notice that its reproduction, public display and other use of the Photograph was unauthorized, and sought compensation for alleged infringement.

25. The 1st Notice specifically stated,

> "it is hereby requested that [Massey's]…**Cease and desist from all unlicensed use of the Image**, including removal of the Image from the domains and/or social media website(s); deletion of all digital copies of the Image from company computers, host server(s), and digital storage devices; and destruction of any hard copies of the Image maintained in company files or elsewhere."

26. Shortly after the Notice was sent by email, an auto email response was received by counsel for Plaintiff containing the general acknowledgement:

> "Dear Customer, Thank you for contacting us! We hope to reply to your inquiry within one business day."

27. Because no substantive response was ever received, and given the fact the Defendants continued various use of the Photograph, on or about December 7, 2015, Plaintiff, through counsel, sent Defendant Massey's a second notice ("2nd Notice") reiterating its reproduction, display, etc. of the Photograph on the Website and/or Social Media was unauthorized.

28. The 2nd Notice specifically stated in part,

"it is hereby requested that [Massey's]….As yet applicable, **cease and desist from all unlicensed use of the image(s)** at issue…

29. The 2nd Notice further cautioned:

"Failure to respond and acknowledge a legal obligation may contribute to a finding of willfulness.  In the present instance, [Defendant Massey's] has failed to respond and acknowledge any provisions made in the Notification."

30. Despite Plaintiff's repeated notification and request to Defendant Massey's to cease all unlicensed use of the Photograph, as of the approximate date of the filing of this lawsuit, the Defendants continue to reproduce and display original constituent elements of the Photograph, including by way of example at URL(s) (*see* Composite Exhibit 3, Screenshots 4-5 [timestamped screenshot of 1/21/2016]):[3]

https://www.masseysoutfitters.com/hydration_packs.aspx

31. Unbeknownst to Plaintiff until just recently, Defendants, despite constructive and/or actual knowledge as to Plaintiff's copyright in the Photograph, continue to reproduce and display original constituent elements of the Photograph on its Social Media site, including by way of example at URL(s) (*see* Composite Exhibit 3, Screenshot 11 [timestamped screenshot of 1/21/2016]):[4]

https://www.facebook.com/masseysoutfitters/photos/pb.71954028452.-2207520000.1453388892./10150093300768453/?type=3&theater;

---

[3] Corroborated by use of multiple browsers on multiple computers
[4] Corroborated by use of multiple browsers on multiple computers

32. Plaintiff Matera was unsuccessful in his reasonable pre-litigation settlement attempts to resolve this matter, let alone to compel Defendants to cease use, thereby necessitating this lawsuit.

33. Matera thus brings the instant action to recover his damages, costs and a reasonable attorney's fee, as further set forth below.

## FIRST CLAIM FOR RELIEF
### Direct Copyright Infringement – All Defendants

34. Matera repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

35. By a volitional act of uploading, posting, etc., and without Matera's authorization or consent, the Defendants reproduced (including in digital code), distributed, publicly displayed, transmitted and otherwise used the Photograph on the Website, Social Media, and with its Email Campaign, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

36. On information and belief, the Defendants knew, or should have known, that it/they does not possess any rights to use the Photograph on the Website, Social Media, Email Campaign, or otherwise.

37. As a direct and proximate result of Defendants' copyright infringement, Matera has suffered, and continues to suffer, injuries and damages, and is entitled to his actual damages and Defendants' additional profits, direct or indirect, attributable to Defendants' infringement of the Photograph, pursuant to 17 U.S.C. § 504(b), or if and as Matera opts in his sole discretion, statutory damages in an amount of up to $30,000 per work infringed, or $150,000 per work infringed willfully, pursuant to 17 U.S.C. §504(c).

38. Matera further is entitled to recover a reasonable attorney's fee and his full costs pursuant to 17 U.S.C. § 505.

39. On information and belief, the foregoing acts of infringement by Defendants (the "Infringement") are willful, intentional, purposeful, and performed with knowledge, or should have known, that the reproduction, public display and use of the Photographs is and was unauthorized. Conduct is willful if a defendant knows its conduct constituted an infringement of copyright or if they acted in reckless disregard of such rights. Among other things, despite multiple notices and actual knowledge that its use was unauthorized, Defendants, without care or caution, continue to use the Photograph on one or more URL(s) indicated herein.

40. Plaintiff therefore seeks recovery of enhanced statutory damages pursuant to 17 U.S.C. 504(c)(2).

## SECOND CLAIM FOR RELIEF

### Contributory Copyright Infringement – All Defendants

41. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Complaint as if fully and completely set forth herein.

42. The Defendants, without the authority of Plaintiff or the law and in violation of 17 U.S.C. § 101, *et. seq.*, infringed contributorily because the Defendants materially contributed to the infringing conduct of another, with knowledge of the infringing activity.

43. Defendants infringed contributorily by knowingly taking steps that were substantially certain to result in the infringement of the Photograph.

44. Defendants intentionally uploaded, "pinned", shared, reproduced, copied, distributed etc. the Photograph to various third parties ("Shared Work"), or their computer

servers, including the server(s) of Facebook, Inc., Pinterest, Inc., or their end users.

45. In order for the Social Media site to use the Shared Work, the Defendants had to enter into a contract with respect to rights and permissions related to the Shared Work. In particular, terms related to the Defendants use of the Photograph on Facebook, Inc. state:[5]

> "For content that is covered by intellectual property rights, like photos and videos (IP content), you specifically give us the following permission, subject to your privacy and application settings: you grant us a non-exclusive, transferable, sub-licensable, royalty-free, worldwide license to use any IP content that you post on or in connection with Facebook (IP License). This IP License ends when you delete your IP content or your account unless your content has been shared with others, and they have not deleted it."

46. The Defendants conduct has caused the Shared Work to be stored on the servers related to the Social Media site, and for the Shared Work to be displayed, or otherwise viewable, to end users of Facebook, and the public at-large.

47. In addition, as a result of the Email Campaign, the Defendants contributed to the Shared Work being "pinned" onto Pinterest by a third party.

48. As a direct and proximate result of the Defendants' contributory infringement, Plaintiff has suffered, and continues to suffer, injuries and damages and is entitled to his actual damages and Defendants' gross revenue or profits, direct or indirect, derived by Defendants that are attributable to Defendants' direct infringement of the Photograph, pursuant to 17 U.S.C. § 504(b).

49. Alternatively, Plaintiff may elect to be awarded, and, therefore is entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c), with respect to one or more Photograph infringed and each act of infringement thereof. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

---

[5] https://www.facebook.com/terms.php

## Prayer for Relief

**WHEREFORE,** Plaintiff Matera respectfully requests judgment against Defendants as follows:

a. declaring Defendants liable for direct and contributory infringement of Matera's exclusive copyright rights in and to the Photograph;

b. On ALL COUNTS, awarding Plaintiff actual and compensatory damages suffered as a result of Defendants' unlawful and infringing conduct, in addition to any and all gross revenue or profits derived by Defendants that are attributable to Defendants' infringement of the Photograph, in an amount to be determined at trial;

c. On ALL COUNTS, awarding Plaintiff, at its election and to the extent permitted by law, the maximum amount of statutory damages against Defendants for each work infringed and for each act of the infringement;

d. On ALL COUNTS, awarding Plaintiff's prejudgment and postjudgment interest in an amount to be determined by the Court;

e. On ALL COUNTS, awarding Plaintiff's costs, including reasonable attorneys' fees and expenses relating to this action, pursuant to the Court's equitable powers, 17 U.S.C. §505, or other rule or statute;

f. On ALL COUNTS, awarding such other and further relief to which Plaintiff may show him entitled as this Honorable Court deems just and proper;

Dated:  New Orleans, Louisiana		Respectfully submitted,
            February 1, 2016

					s/ Wesley Garten              _____
					Wesley Garten, La. Bar. No. 32466
					Garten Law, LLC
					217 N. Telemachus St.
					New Orleans, LA  70119
					Tel: 504-914-6425
					Email: wesley.garten@gmail.com

					*Counsel for Plaintiff*
					*Stephen Matera*